UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HARPER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>B. POWELL, et al.,<br><br>　　　　Defendants. | Case No.: 1:24-cv-00456-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S APPLICATION TO PROCEED** ***IN FORMA PAUPERIS***<br><br>(Doc. 2)<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Daniel Harper is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On April 17, 2024, Plaintiff filed an Application to Proceed *In Forma Pauperis* by a Prisoner. (Doc. 2.) Because Plaintiff has three or more "strikes" under section 28 U.S.C. § 1915 and fails to show that he is under imminent danger of serious physical injury, the Court will recommend that his motion be denied.

**I. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs in forma pauperis proceedings. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent

1  danger of serious physical injury." 28 U.S.C. § 1915(g).

2  **II. DISCUSSION**

3  The Court takes judicial notice[1] of the following prior lawsuits filed by Plaintiff that were dismissed for a failure to state a claim upon which relief may be granted: (1) 2:07-cv-01158 *Harper v. Wilcox* (E.D. Cal) (dismissed 1/28/08 for failure to state a claim); (2) 2:07-cv02149 *Harper v. Costa* (E.D. Cal.) (dismissed 8/31/09 for failure to state a claim); (3) 2:07-cv-02166 *Harper v. Williams* (E.D. Cal.) (dismissed 6/3/08 for failure to state a claim); and (4) 2:08-cv-02526 *Harper v. Morgan* (E.D. Cal.) (dismissed 6/16/09 for failure to state a claim). *See Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893–94 (9th Cir. 2011) (dismissal for failure to state a claim is a strike). Each of these actions was dismissed prior to the commencement of the current action on April 17, 2024. Plaintiff is therefore subject to the section 1915(g) bar, and he is precluded from proceeding *in forma pauperis* in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

The Court has reviewed the complaint in this action. Plaintiff asserts claims against the Defendants arising from an incident occurring on October 27, 2022, and the disciplinary proceedings that followed. (*See* Doc. 1 at 4-12.)

The statute's imminent danger exception applies where facts indicating imminent danger appear "on the face of the complaint." *Andrews v. Cervantes*, 493 F.3d at 1050; *see also id*. at 1055 ("exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing"); *see also Ibrahim v. Dist. of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006) ("In determining whether he qualifies [for the 'imminent danger' exception], we look to the complaint..."); *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) ("[T]he issue [under § 1915(g)] is whether [plaintiff's] complaint, as a whole, alleges imminent danger of serious physical injury").

The undersigned finds that the allegations of Plaintiff's complaint do not demonstrate any

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

2

1   imminent danger and Plaintiff fails to allege he is in imminent danger of physical injury. To the
2   extent Plaintiff relies upon his assertions that one or more Defendants filed a false report resulting
3   in Plaintiff's placement in administrative segregation following a guilty finding at the related
4   disciplinary proceedings, those allegations are insufficient. *See, e.g.*, *Reberger v. Baker*, 657 Fed.
5   Appx. 681, 683 (9th Cir. Aug. 9, 2016) (prisoner's assertion that administrative segregation may
6   cause him to be denied HIV dose that could lead to medication resistance was too vague and
7   speculative to demonstrate imminent danger of serious physical injury); *see also Sierra v.*
8   *Woodford*, No. 1:07-cv-149 LJO GSA (PC), 2010 WL 1657493, at *3 (E.D. Cal. Apr. 23, 2010)
9   ("long, narrative, rambling statements regarding a cycle of violence and vague references to
10  motives to harm" are insufficient to show the prisoner faced "ongoing danger"); *Thornton v.*
11  *Shanahan*, No. 14cv1465 BTM (RBB), 2014 WL 5112060, at *2 (S.D. Cal. Oct. 10, 2014)
12  (plaintiff's allegations that "two state parole agents and a San Diego County Sheriff's Department
13  Sergeant arrested him in late 2013 and filed a 'false report' charging him with failing to timely
14  register as a sex offender in order to retaliate against him for having filed a previous lawsuit in
15  2010" do not satisfy imminent danger of serious physical injury exception); *Chambers v. Ebbert*,
16  No. 3:18-cv-1009, 2019 WL 4235360, at *2 (M.D. Penn. Sept. 5, 2019) (plaintiff's allegations
17  involving "a few vague threats of a sexual nature, that he had been subject to false reports, which
18  he claims affected his good time credit, and that he had been denied contact with his family" do
19  not establish impending danger and are insufficient to meet the imminent danger standard);
20  *George v. United States*, No. 3:19-cv-01557-BAS-BLM, 2019 WL 4962979, at *2 (S.D. Cal. Oct.
21  7, 2019) (alleging "a vast conspiracy involving surveillance, harassment, and intimidation
22  undertaken at the hands of both the state and federal governments" to retaliate against the plaintiff
23  before, during, and after incarceration insufficient to satisfy Section 1915(g)); *Manago v. Cahow*,
24  No. 5:20-cv-01220 MCS (KES), 2021 WL 621093, at *1 (C.D. Cal. Jan. 6, 2021) (finding snitch
25  label, "without facts establishing actual or pending harm [to Plaintiff]" as a result, was "merely
26  speculative" and failed to "convey[ ] [ ]either an imminent [ ]or proximate danger"); *Adams v.*
27  *Dahl*, No. 1:20-CV-00852-CDB PC, 2022 WL 16708264, at *3 (E.D. Cal. Nov. 4, 2022) (finding
28  claims that guards retaliated against prisoner "by stalking, harassing, and threatening," and by

"creat[ing] a dangerous environment by calling [him] a 'snitch' and a 'piece of shit,'" insufficient to show "impending harm"); *Cruz v. Calderon*, No. 22-CV-05556-HSG, 2022 WL 18399570, at *3 (N.D. Cal. Dec. 16, 2022) (verbal threats unaccompanied by further action fail to satisfy § 1915(g)'s imminent danger exception); *Alkebu-Lan v. Hazelwood*, No. 21-CV-06063-JST, 2022 WL 19317, at *4 (N.D. Cal. Jan. 3, 2022) (finding allegations that prison officials "threatened [plaintiff's] life for appealing ... disciplinary violations" insufficient to show imminent danger of serious physical injury at the time of filing); *Williams v. Gallegos*, No. No. 22-CV-1757 JLS (DDL), 2023 WL 22933254, at *4 (S.D. Cal. Feb. 28, 2023) (alleged verbal threats do not, without more, suffice to show imminent danger).

In sum, Plaintiff's allegations fail to demonstrate that he faced imminent danger of serious physical injury at the time of filing his complaint, and Plaintiff is therefore precluded from proceeding *in forma pauperis* in this action.

### III. ORDER AND RECOMMENDATIONS

For the reasons set forth above, the Court **DIRECTS** the Clerk of the Court to assign a district judge to this action and **RECOMMENDS** that:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**; and,

2. Plaintiff be ordered to pay the $405.00 filing fee in full within 30 days.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). Within 14 days of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 22, 2024**                    /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE

4